UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MELBA JACKSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CAUSE NO.**  1:17-cv-4558 |
| | ) | |
| MADISON COUNTY, | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.      Plaintiff, Melba Jackson, (hereinafter "Jackson"), by counsel, brings this action

against Defendant, Madison County, Indiana (hereinafter "Defendant"), alleging violations of the

Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et. seq* ("ADA"), and the

Family Medical Leave Act of 1993 ("FMLA").

### II. PARTIES

2.      Jackson is a resident of the State of Indiana, who at all relevant times resided

within the geographic boundaries of the Southern District of Indiana.

3.      Defendant is a governmental agency that is located within and conducted business

within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation

pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 42 U.S.C. § 12117; and 29 U.S.C. § 2617(a)(2).

5.      Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 2611(4).

6.      Jackson was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7.      At all times relevant to this action, Jackson was an "eligible employee" as that term is defined by 29 U.S.C. § 2611(2).

8.      Jackson has a "disability" as that term is defined by 42 U.S.C. § 12102(2).

9.      Jackson is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12102(2) and 12111(8) and/or Defendant knew of Jackson's disability and/or regarded Jackson as being disabled and/or Jackson had a record of being disabled.

10.     Jackson satisfied her obligation to exhaust her administrative remedies after having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination and retaliation. Jackson received the required Notice of Sue Rights and timely files this action.

11.     A substantial part of the events, transactions and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

**IV.  FACTUAL ALLEGATIONS**

12.     Defendant hired Jackson on or about November 10, 2014.  She was promoted to Court Reporter in Circuit Court 3 in or about October 2016.

13.     Jackson's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

14.     Jackson began suffering from stroke syndrome in or about January 2017.  During an episode, Jackson's health condition substantially limits her ability to perform several major life activities, including, but not limited to, her ability to care for herself, perform manual tasks, stand, concentrate, think, communicate, and work.

15.     Jackson informed Defendant of her disability.  Jackson requested an accommodation for her disability, which was denied.

16.     Jackson utilized FMLA leave for her serious health condition from February 13, 2017, to February 27, 2017.  While Jackson was on leave, Defendant told her, "you don't look sick to me," and asked, "did you actually have a stroke?"  Defendant also informed Jackson that, upon her return, she would be moving to a desk in the back of the office and switching jobs with a non-disabled co-worker.  Jackson complained about the move and Defendant told her, "I'm just concerned about you.  You've been sick."

17.     On or about February 28, 2017, when Jackson returned from leave, Defendant demoted Jackson, gave her new job duties, such as filing and mailing, and moved her desk to the back of the office.  Jackson's position as Court Reporter, her desk, and her job duties were all given to a non-disabled co-worker.

18.     On or about March 10, 2017, after Jackson made several complaints about being moved, Defendant told Jackson, "I moved you because I didn't want you to have another stroke" and "because you are not strong enough."  Further, Defendant stated that it "did not want [Jackson] to have another episode."

19.     Later that day, Defendant terminated Jackson's employment.

## V. LEGAL ALLEGATIONS

### COUNT I:  ADA- DISABILITY DISCRIMINATION

3

20.     Jackson hereby incorporates by reference paragraphs one (1) through nineteen (19) as if the same were set forth at length herein.

21.     Defendant failed to accommodate Jackson's known disability for which a reasonable accommodation existed.

22.     Defendant violated Jackson's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.* by subjecting her to disparate treatment because of her actual or perceived disability.

23.     Defendant's actions were intentional, willful and in reckless disregard of Jackson's rights as protected by the ADA.

24.     Jackson has suffered damages as a result of Defendant's actions.

## COUNT II:  ADA- RETALIATION

25.     Jackson hereby incorporates paragraphs one (1) through twenty-four (24) of her Complaint.

26.     Jackson engaged in a protected activity under the ADA.

27.     Defendant retaliated against Jackson for engaging in protected activity by demoting her position and terminating her employment.

28.     Defendant violated Jackson's rights as protected by the ADA.

29.     Defendant's actions were intentional, willful and in reckless disregard of Jackson's rights as protected by the ADA.

30.     Jackson has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT III:  FMLA- INTERFERENCE

31.     Jackson hereby incorporates paragraphs one (1) through thirty (30) of her Complaint.

32.     Defendant unlawfully interfered with Jackson's rights under the FMLA by refusing to provide Jackson with the same or equivalent position that Jackson had before she took leave.

33.     Defendant's actions were intentional, willful and in reckless disregard of Jackson's rights as protected by the FMLA.

34.     Jackson suffered damages as a result of Defendant's unlawful actions.

**COUNT IV:  FMLA- RETALIATION**

35.     Jackson hereby incorporates paragraphs one (1) through thirty-four (34) of her Complaint.

36.     Defendant unlawfully retaliated against Jackson for her use of leave that qualified for protection under FMLA.

37.     Defendant's actions were intentional, willful and in reckless disregard of Jackson's rights as protected by the FMLA.

38.     Jackson suffered damages as a result of Defendant's unlawful actions.

**VI.  REQUESTED RELIEF**

WHEREFORE, Plaintiff, Melba Jackson, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1.      Reinstate Jackson to the position, salary, and seniority level she would have enjoyed but for the Defendant's unlawful actions; and/or payment to Jackson of front pay in lieu thereof;

2.      All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3.      Liquidated damages for violations of the FMLA;

4.      Compensatory damages for violations of the ADA;

5.      Punitive damages for violations of the ADA;

6.      All costs and attorney's fees incurred as a result of bringing this action;

7.      Pre- and post-judgment interest on all sums recoverable; and

8.      All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANCYH & MACER, LLC

*/s/ Ryan Sullivan*_____
Ryan Sullivan (Atty No. 34217-64)
8888 Keystone Crossing, Suite 1300
Indianapolis, IN 46240
Telephone:  (317) 575-4108
Facsimile:   (812) 424-1005
Email:  rsullivan@bdlegal.com

*Attorney for Plaintiff, Melba Jackson*

## DEMAND FOR JURY TRIAL

Plaintiff, Melba Jackson, by counsel, requests a trial by jury on all issues deemed so

triable.

Respectfully submitted,

BIESECKER DUTKANCYH & MACER, LLC

*/s/ Ryan Sullivan*_____
Ryan Sullivan (Atty No. 34217-64)
8888 Keystone Crossing, Suite 1300
Indianapolis, IN 46240
Telephone:  (317) 575-4108
Facsimile:   (812) 424-1005
Email:  rsullivan@bdlegal.com

*Attorney for Plaintiff, Melba Jackson*